### R. R. FORWARD v. BIG LAKE REFINING COMPANY.[1]

November 20, 1931.

No. 28,499.

*Fryberger, Fulton & Boyle,* for appellant.
*Theodore Hollister* and *Lathers & Hoag,* for respondent.

DIBELL, J.

Action to recover agreed commissions for securing a purchaser of an oil refinery in Texas owned by the defendant, Big Lake Refining Company. There were findings for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

The defendant owned an oil refinery in Texas. The company was in bad financial condition and was desirous of disposing of its property. On March 2, 1929, it offered the plaintiff by letter "a commission of 10% on any deal that you may present to us which we accept." This referred to the refinery.

The plaintiff interested the Zenith Gas Pool, Incorporated, in the acquisition of the property. The burden of bringing the proposed deal to a conclusion fell largely upon A. D. Swan, its president and active manager. On May 26, 1929, the gas pool bought 216,500 shares of the 300,000 shares of the defendant and paid $32,000 for

[1]Reported in 239 N. W. 228.

them. It is conceded that when this deal was closed the plaintiff had earned a commission of $3,200, less a deductible item of $500 for expenses, leaving a net of $2,700, unless prior thereto, as claimed by the defendant, he offered to take $1,000 in full of his commission and the defendant accepted his offer. The issue is upon the defendant's claim of an acceptance. The court found against it and awarded the plaintiff $2,700.

There is some claim by the defendant that in the early part of April, 1929, the plaintiff orally agreed to take $1,000. The plaintiff had been seeking to get stock in the company in addition; and the evidence does not require, and perhaps would not sustain, a finding that there was an oral agreement to accept $1,000 without an added agreement that some stock be given. On April 20, 1929, the plaintiff made the defendant an offer in writing, "for immediate acceptance," to reduce his commission to $1,000 in cash. It was formally withdrawn on May 20, 1929. The plaintiff's testimony is that there was nothing done by the defendant relative to this proposition—nothing in the way of either a verbal or written acceptance. The testimony of Swan is that the offer was accepted. There was no written acceptance. There is evidence that the plaintiff after this sought a cash advance on his commission and was met with the statement that there was not an agreement upon the amount of it. The court could find that when the offer was formally withdrawn there was no protest; and that on one or more other occasions when the commission was mentioned there was no assertion that there was an agreement that it was to be $1,000, though an assertion of that kind would have been natural.

The issue must be determined as it was by the trial court as one of fact. The transaction relative to the acquisition of the Texas property is in some confusion and uncertainty. It was carried on partly by correspondence and partly through personal negotiation. There was inherent difficulty in getting the title because of the bad financial condition of the company and the existing claims of creditors. Swan worked out the deal successfully, and largely the negotiations were with him. The most that can be said is that the court might have found in accordance with the defendant's claim;

that is, that the evidence would sustain it. No quarrel is to be made with the view taken by the trial court. The evidence sustains it. No cases are cited. None are needed. The only question of law is whether the evidence required a finding for the defendant, and it did not.

Order affirmed.